No. 13,029.

FRANK B. WILLIAMS VS. M. L. BROUSSARD ET ALS.

SYLLABUS.

This court again affirms it will not review the decision of a lower court involving no important question of law and exhibiting no deviation from the jurisprudence of the State.

IN RE Frank B. Williams applying for *certiorari* or writ of error to the Court of Appeal, Third Circuit, State of Louisiana.

*Todd & Todd* for Williams, Petitioner.

*Foster & Broussard, Weeks & Weeks* and *J. Zach Spearing* for Defendants.

Submitted December 15, 1898.
Opinion handed down January 23, 1899.

The opinion of the court was delivered by

MILLER, J.　The relator seeks the writ of *certiorari* to review the judgment of the Court of Appeals for the Third Circuit, on the appeal of the defendants from the judgment in the petitory suit brought by relator in the Nineteenth Judicial District Court, parish of Iberia.

One error assigned by the relator is that the judgment of the Circuit Court disposed of the reconventional demand of the defendant in the suit, that demand being for an amount exceeding the jurisdiction of the Court of Appeals.　As the Circuit Court affirmed the judgment of the District Court against defendant on the reconventional demand, we do not perceive that the relator, plaintiff in the District Court, has any cause of complaint, because of the affirmance of the judgment in his favor, even if the Court of Appeals was without jurisdiction of the demand in reconvention, or had passed on it.　Both the relator, the plaintiff, and the defendant in the petitory suit, traced title to the common author, the plaintiff, relying on a sale by the wife of the common author, and as the basis of title she conveyed, on the *dation en paiement* to her by her husband. It is claimed the court erred in giving effect to the *dation en paiement,* because the consideration is stated to be the funds of the wife received by the husband.　The other error assigned is that the defendant, in the course of the trial in the District Court, moved to take testimony to show the land sued for still belonged to the United States, thus assuming a position inconsistent, the relator charges, with the averment of title in defendant's answer. The judgment of the Circuit Court maintained the title asserted in defendant's pleadings, and hence they obtained no advantage from the alleged inconsistent ground they took on the motion; and the Circuit Court also held that defendants acquiring their asserted title long after their vendor had placed on record his *dation en paiement* to his wife of the lands in controversy, could not question her title for the supposed defect in stating the consideration; the court citing in that

-connection the line of authorities that in the petitory action when both parties claim under the common author, neither can contest asserted relative nullities in the title of the other derived from the common author.

We take occasion again to call attention to the jurisdiction given to this court under Article 101 of the Constitution, under color of which the present application is made. The article does not confer on this court the appellate jurisdiction to review by *certiorari* the judgments of the lower courts in all cases. The power to issue the writ is conferred mainly to secure uniformity in our jurisprudence by giving this court power to correct any deviation from that jurisprudence in the decisions of the lower courts, not susceptible of being brought here by appeal. It is manifest that the decision of the lower court turns on no questions authorizing the writ of *certiorari* sought at our hands, and the application is denied.